**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | |
| ) | Case No. 15-40012-CM |
| **WILLIAM DAVID GROSS,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## MEMORANDUM AND ORDER

This closed criminal case is before the court on a number of related motions filed pro se by defendant William Gross:

- Motion for Return of Property (Doc. 93);

- (Motion for) Release of Property (Doc. 103);

- Motion and/or Petition to Amend the Mittimus (Doc. 107);

- Motion for Return of Property (Doc. 108); and

- Motion for U.S. Court to Re-Issue an Order for Return of Property (Doc. 110).

The government responded to defendant's first two motions, and represented that the property was not in the custody of the U.S. government. Instead, the government believed that the property is or was in the custody of the Osage County, Kansas Sheriff's Department. Seemingly, the fact that the property was in the custody of state officials would impact defendant's entitlement to any relief from this federal court under Fed. R. Crim. P. 41(g). Nevertheless, the government committed to continue to make inquiries of the Sheriff's Department about the property, and represented that it would supplement its response as soon as additional information was or is known. That response by the government was filed on February 21, 2017. No further supplement has been filed, and since the time

-1-

of the government's response, the court has received additional motions from defendant seeking return of his property. Defendant's most recent motion, however, was filed on October 23, 2017, so the court is uncertain of the current status of defendant's request or property.

In light of the time the motions for return of property have been pending, and the government's apparent lack of physical control over the property, the court denies the four pending motions without prejudice. It appears from defendant's most recent filing that defendant has been in contact with the Osage County Sheriff's Department, which suggests to this court that his request may be moot at this point. If defendant still has not received his property and believes the federal government has actual or constructive possession of the property as required by Rule 41(g), he may file a new motion, and the court expects the government to respond to any such motion with an update on the status of any efforts to assist with the return of defendant's property from state authorities.

With respect to defendant's motion to amend the mittimus, the court is uncertain of the relief that defendant seeks. "Mittimus" is defined as "a court order or warrant directing a jailer to detain a person until ordered otherwise." Black's Law Dictionary, 1024 (8th ed. 2004); *see also Biddle v. Shirley*, 16 F.2d 566, 567 (8th Cir. 1926) ("The mittimus after conviction in criminal cases is a final process for carrying into effect the judgment of the court. . . . The prisoner is detained, not by virtue of the warrant of commitment, but on account of the judgment and sentence."). The court is uncertain what document defendant would be referring to in the instant case. It appears that defendant may be referring to a Colorado statute governing sentence credit for presentencing incarceration, Colo. Rev. Stat. § 18-1.3-405, which provides, "At the time of sentencing, the court shall make a finding of the amount of presentence confinement to which the offended is entitled and shall include such finding in the mittimus." The court recalls that at the time defendant's case was pending in this court, he also had

a case pending in the state of Colorado. If the court has correctly interpreted defendant's motion, no relief is warranted, as this court lacks authority to correct a document in a Colorado state court case.

In any event, defendant appears to claim that his conviction in this court for possessing with intent to distribute 14 grams of marijuana should have been for 10 grams of marijuana instead. In support, defendant attaches one page of what appears to be his offense report, which lists an estimated quantity of 10 grams of marijuana under the property description.

The court is unable to grant defendant any relief based on his motion. First, the page of the offense report is unverified and unauthenticated. Defendant pleaded guilty to, and was convicted of, possessing with intent to distribute approximately 14 grams of marijuana. He agreed to—and received—a sentence of time served. And whether the amount was 10 grams or 14 grams made no difference in defendant's conviction or sentence. Defendant has not shown an entitlement to revision of any documents in his federal criminal case.

**IT IS THEREFORE ORDERED** that the motions for return of property (Docs. 93, 103, 108, and 110) are denied without prejudice.

**IT IS FURTHER ORDERED** that defendant's Motion and/or Petition to Amend the Mittimus (Doc. 107) is denied.

Dated this 9th day of March, 2018, at Kansas City, Kansas.

        **s/ Carlos Murguia**
        **CARLOS MURGUIA**
        **United States District Judge**